# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

TRAVIS ONEAL SPIKES, :
:
      Plaintiff, :
:
VS. :
: **7 : 11-CV-175 (HL)**
CPL. ALBERT HARVEY WILLIFORD, and :
JAMES GREEN, :
:
      Defendants. :
:

## **RECOMMENDATION**

      Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on December 21, 2011, alleging Defendants violated Plaintiff's Eighth Amendment rights. (Doc. 1). On June 25, 2013, Defendants filed a Motion to Dismiss asserting, in part, that Plaintiff's Complaint should be dismissed because Plaintiff has failed to prosecute this case. (Doc. 19). The Court issued an Order on June 26, 2013 notifying Plaintiff of the pendency of this Motion and directing him to respond thereto. (Doc. 20).

      Defendants assert that Plaintiff has failed to properly notify the Court of his address change, and therefore his Complaint should be dismissed. (Doc. 19-1). Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his

action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

On January 23, 2012, the Court ordered all parties to keep the Clerk of Court and all opposing parties advised of their current address at all times, and advised that the failure to do so could result in the dismissal of the party=s pleadings. (Doc. 6). The Court further ordered Plaintiff to diligently prosecute his Complaint, and advised Plaintiff that his action could be dismissed due to a lack of prosecution. (*Id.*).

The Clerk of Court attempted to mail Plaintiff a June 7, 2013 Order and a June 26, 2013 Order, but both mailings came back as undeliverable because Plaintiff was no longer at the address. (Docs. 18, 21). Plaintiff has not advised the Clerk of Court of his current address, and thus, neither the Court nor Defendants can contact Plaintiff. Additionally, on June 26, 2013, the undersigned ordered Plaintiff to respond to Defendants' Motion to Dismiss within thirty (30) days. (Doc. 20). As of the date of this Recommendation, Plaintiff has not responded to Defendants' Motion to Dismiss. Further, Plaintiff has had no contact with the Court since March 9, 2012, when he filed a Notice of Change of Address. (Doc. 9).

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. Plaintiff failed to comply with a Court Order requiring him to keep the Court informed as to his current address. Plaintiff has also failed to comply with a Court Order directing Plaintiff to respond to Defendants= Motion to Dismiss. Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit since filing his Complaint in December of 2011, and his last contact with the Court was well over a year ago. The Court finds that lesser sanctions

will not suffice. Thus, it is the recommendation of the undersigned that Defendants' Motion to Dismiss (Doc. 19) be **GRANTED** and Plaintiff=s Complaint be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation

**SO RECOMMENDED**, this 9th day of August, 2013.

s/ ***THOMAS Q. LANGSTAFF***<br>
UNITED STATES MAGISTRATE JUDGE